UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Augustin M. Racelis,

        Plaintiff,

  v.

Bank of New York Mellon, ReconTrust Co., N.A.,

        Defendants.

Case No. 12-01825 JCS

**Order to Show Cause re Subject Matter Jurisdiction**

Plaintiff filed this quiet title action in federal district court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c).[1] In particular, he alleges that he is a citizen of California, that The Bank of New York Mellon is "organized and existing under laws of New York," and that ReconTrust Company, N.A., is "organized and exists under the laws of the State of Texas." It has come to the Court's attention that ReconTrust Company, N.A. is a national bank based in California and therefore, that there is not complete diversity of citizenship in this action.[2] *See* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located;" *Rodriguez v. Bank of America Corp.*, 2012 WL 2375833, at * 2-3 (D.Nev., June 21,

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] The Court takes judicial notice of the National Banks List on the official website of the Office of the Comptroller of the Currency, located at www.occ.treas.gov/topics/licensing/national-bank-lists/national-by-name-v2.pdf, which lists the location of ReconTrust Company, N.A. headquarters as Simi Valley California. *See Miller v. Wells Fargo Home Mortg.* 2010 WL 3431802, at *2 (E.D.Cal.,Aug. 31, 2010) (taking judicial notice of National Banks List, pursuant to Rule 201 of the Federal Rules of Evidence on the basis that it is a matter of public record).

2012) ("Because ReconTrust is currently headquartered in California and was headquartered in California at the time this action was filed and removed, ReconTrust is a California resident").

Accordingly, the parties are ordered to appear and show cause why this action should not be dismissed for lack of subject matter jurisdiction. No later than **October 9, 2012**, the parties may file written briefs, not to exceed five (5) pages, addressing the question of whether the Court has diversity jurisdiction over this action. A show cause hearing shall be held on **Tuesday, October 16, 2012 at 1:30 p.m in Courtroom G, 450 Golden Gate Avenue, San Francisco, California.** The hearing on Defendants' Motion to Dismiss previously set for **Friday, October 12, 2012 at 9:30 a.m. is vacated.** The Court will reset the motion hearing on the Motion to Dismiss following the show cause hearing if it determines that it has subject matter jurisdiction over this action.

IT IS SO ORDERED.

Date: September 28, 2012

_____
Joseph C. Spero
United States Magistrate Judge

2